## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIMBERLY S. AFLAGUE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV543 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SCOTT FRANSSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court *sua sponte*. On October 18, 2005, the court ordered the plaintiff, who is proceeding without counsel, to "keep the court informed of her current address and telephone number at all times while this case is pending. The plaintiff shall notify the court of her current telephone number as soon as possible, but in any event no later than October 31, 2005, in writing." **See** Filing No. 29. The plaintiff has not complied with the court's order. A telephone status conference before the court, the plaintiff and all counsel of record, is scheduled for November 28, 2005 at 10:00 a.m., however neither the parties nor the court is able to contact the plaintiff by telephone.

The plaintiff is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the litigation of this case. Additionally, failure to comply with court orders may subject the plaintiff to sanctions, including dismissal of the action. The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See *Roberts v. Missouri Div. Of Employment***, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

***Hunt v. City of Minneapolis***, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with

prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." *Hunt*, 203 F.3d at 527-28. However, the Eighth Circuit has also ruled that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." *Sanders v. Merry-Go-Round Enters., Inc.*, 1993 WL 23597, at *2 (D. Minn. Jan. 29, 1993) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to comply with the court order requiring her to provide the court with contact information. If the court and counsel are unable to communicate with the plaintiff, such failure will interfere with the orderly processes of this court. Accordingly, the court will require the plaintiff to show cause, by filing a written explanation of why she was unable to comply with the court's October 18, 2005 order. The plaintiff's failure to comply with this order may result in sanctions against the plaintiff. The sanctions may include dismissal of the action for failure to prosecute. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff Kimberly S. Aflague shall show cause by filing a written explanation for her failure to comply with the October 18, 2005 court order with the Clerk of Court no later than **November 21, 2005**.

2. The Clerk of Court shall mail a copy of this order to the plaintiff, Kimberly S. Aflague, by regular mail at:

Kimberly S. Aflague
2270 E. Smoke Tree Rd.
Gilbert, AZ 85296

Dated this 8th day of November, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge