## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KIMBERLY S. AFLAGUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:04CV543** |
| | ) | |
| **vs.** | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **SCOTT FRANSSEN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court *sua sponte*.

On October 18, 2005, the court ordered the plaintiff, who is proceeding without counsel, to "keep the court informed of her current address and telephone number at all times while this case is pending.  The plaintiff shall notify the court of her current telephone number as soon as possible, but in any event no later than October 31, 2005, in writing." **See** Filing No. 29.  On October 19, 2005, the court entered a Final Progression Order including a telephone status conference with the court, the plaintiff and all counsel of record, for November 28, 2005 at 10:00 a.m.  **See** Filing No. 30.

The plaintiff did not comply with the court's October 18, 2005 order.  On November 8, 2005, the court entered an order for the plaintiff to show cause, by written explanation for her failure to comply with the October 18, 2005 order.  **See** Filing No. 31.  The plaintiff failed to file the written explanation by November 21, 2005.  Additionally, the plaintiff did not participate in the November 28, 2005 telephone conference.  Further, because the plaintiff did not comply with the earlier order, neither the parties, nor the court was able to contact the plaintiff by telephone.  Each of the court's orders have been mailed to the plaintiff's last known address.

The plaintiff is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the litigation of this case.  Additionally, failure to comply with court orders may subject the plaintiff to sanctions, including dismissal of the action.  The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion.  **See *Roberts v. Missouri Div. Of Employment***, 636 F.2d 249, 250 (8th Cir. 1980).  The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

*Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." *Hunt*, 203 F.3d at 527-28. However, the Eighth Circuit has also ruled that "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." *Sanders v. Merry-Go-Round Enters., Inc.*, 1993 WL 23597, at *2 (D. Minn. Jan. 29, 1993) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).

Under Federal Rule of Civil Procedure 16(f) "[i]f no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Fed. R. Civ. P. 16(f). Rule 37 contemplates sanctions including "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action . . . ." Fed. R. Civ. P. 37(b)(2)(C). The court is of the view that dismissing the plaintiff's action is warranted as a sanction in this case based on the plaintiff's failure to comply with court orders and participate in scheduling conferences. **See** *United States v. Moser*, 168 F.R.D. 171, 174 (M.D. Pa. 1996) (default entered after parties' repeatedly refused to comply with discovery and other orders of the court). The court finds the plaintiff's pattern of conduct shows she acted intentionally as opposed to

accidentally or involuntarily.  **See *Hunt v. City of Minneapolis***, 203 F.3d 524 (8th Cir. 2000) (persistent pattern of intentional delay in willfully disregarding court orders and violating federal rules warranted dismissal with prejudice of plaintiff's complaint).

In this case, the plaintiff has failed to comply with the court order requiring her to provide the court with contact information, to show cause for the failure and to participate in a planning conference.  If the court and counsel are unable to communicate with the plaintiff, such failure will interfere with the orderly processes of this court.  Thus, pursuant to Fed. R. Civ. P.16(f) and 37(b)(2)(C) and the court's previous orders, the court will recommend the plaintiff's complaint be dismissed without prejudice.  Upon consideration,

**IT IS ORDERED:**

The Clerk of Court shall mail a copy of this Report and Recommendation to the plaintiff, Kimberly S. Aflague, by regular mail at:

> Kimberly S. Aflague
> 2270 E. Smoke Tree Rd.
> Gilbert, AZ 85296

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint be stricken and the case dismissed as a sanction in accordance with Fed. R. Civ. P.16(f) and 37(b)(2)(C).

## ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 28th day of November, 2005.

> BY THE COURT:
>  s/ Thomas D. Thalken
> United States Magistrate Judge